**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GUILLERMO MANUEL GONZALEZ-RUIZ,<br>Petitioner,<br>v.<br>WARDEN/ FACILITY ADMINISTRATOR, Otay Mesa Detention Center, et al.,<br>Respondents. | Case No.: 3:26-cv-04045-RBM-BJW<br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br>**[Doc. 1]** |

Pending before the Court is *pro se* Petitioner Guillermo Manuel Gonzalez-Ruiz's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241. (Doc. 1) and Ex Parte Application for Temporary Restraining Order ("TRO Motion"). (Doc. 2). For the reasons set forth below, the Petition is **GRANTED** and the TRO Motion is **DENIED AS MOOT**.

## I. BACKGROUND

Petitioner, a native and citizen of Colombia, entered the United States without inspection on or around January 15, 2024. (Doc. 1 at 2.) "After his entry and processing by immigration authorities, Petitioner was permitted to live in the community while pursuing his immigration proceedings." (*Id*. at 3.) "Petitioner was served with a Notice to Appear dated March 22, 2024, charging him as removable under INA§ 212(a)(7)(A)(i)(I) and INA§ 212(a)(6)(A)(i)." (*Id*.)

After his release, "Petitioner obtained lawful employment authorization," "worked consistently in construction," "remained engaged in his immigration proceedings, paid the required annual fee associated with his asylum application," and "developed strong community ties." (*Id*. at 4.) Petitioner has no criminal record and his asylum application remains pending. (*Id*. at 5.)

On or around July 4, 2026, immigration officers arrested Petitioner while he was attending an immigration appointment in Miami, Florida. (*Id*. at 2, 5.) "Petitioner was not provided advance notice that his liberty would be revoked, was not given an opportunity to present evidence regarding his compliance, and was not provided a hearing before a neutral decisionmaker to determine whether detention had become necessary." (*Id*. at 5.) Petitioner was transferred to Otay Mesa Detention Center where he remains detained. (*Id*.)

## II. LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* § 2241(c)(3).

## III. DISCUSSION

Petitioner claims his immigration detention violates the Fifth Amendment's Due Process Clause and lacks a valid statutory basis. (Doc. 1 at 8–12.) Respondents assert that "Petitioner was previously released from immigration custody on conditional parole issued under 8 U.S.C. § 1226(a)[,]" but nonetheless maintain their position that "Petitioner is subject to mandatory detention under § 1225(b)(2)." (Doc. 5 at 2.) Respondents "acknowledge[ ] that this Court's prior decisions will control the result here if the Court

adheres to its prior decisions, as the facts are not materially distinguishable for purposes of the Court's decision, and on that basis . . . does not oppose the [P]etition and defers to the Court on the appropriate relief." (*Id.* at 2–3.)

This Court has granted several habeas petitions filed by similarly situated petitioners who were previously released from detention on conditional parole and re-detained several years later. In *Faizyan v. Casey*, the Court held such petitioners are "subject to the discretionary detention procedures under 8 U.S.C. § 1226 and [their] detention without a bond hearing violates the Due Process Clause." Case No.: 3:25-cv-02884-RBM-JLB, 2025 WL 3208844, at *2 (S.D. Cal. Nov. 17, 2025); *see Penagos-Alvarez v. LaRose*, Case No.: 3:26-cv-00865-RBM-MSB, 2026 WL 539340 (S.D. Cal. Feb. 26, 2026). Applying the due process inquiry in *Mathews v. Eldridge*, 424 U.S. 319 (1976), the Court also found that Respondents' summary revocation of the petitioner's "conditional parole without an opportunity to be heard deprived [him] of his due process rights." *Faizyan*, 2025 WL 3208844, at *7 (S.D. Cal. Nov. 17, 2025); *see C.A.R.V. v. Wofford*, Case No. 1:25- CV-01395 JLT SKO, 2025 WL 3059549, at *9 (E.D. Cal. Nov. 3, 2025) (finding a due process violation where the petitioner was initially released on his own recognizance); *Leiva Flores v. Albarran*, Case No. 25- cv-09302-AMO, 2025 WL 3228306, at *5 (N.D. Cal. Nov. 19, 2025) (finding the same and requiring a hearing before detention).

Like in *Faizyan*, Petitioner was previously released from custody on conditional parole under § 1226(a). (*See* Doc. 4 at 1.) "As ICE was not authorized to release [Petitioner] if [he] was a danger to the community or a flight risk, the Court must infer from [his] release that ICE determined [he] was neither." *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025).

Before he was re-detained in July 2026, Petitioner lived in the United States for over two years, integrated himself into his community, was able to apply for asylum relief, has no criminal history, "complied with his immigration obligations, maintained a fixed residence, obtained lawful employment authorization, worked steadily, paid the annual fee associated with his asylum application, and voluntarily appeared for his scheduled

immigration appointment[s]." (Doc. 1 at 2.) Petitioner also claims, and Respondents do not dispute, that he "was not provided advance notice that his liberty would be revoked, was not given an opportunity to present evidence regarding his compliance, and was not provided a hearing before a neutral decisionmaker to determine whether detention had become necessary." (*Id*. at 5.)

The Court therefore adopts its reasoning in *Faizyan* and applies it here. For those same reasons, the Court finds that: (1) Petitioner is subject to § 1226's discretionary detention procedures; and (2) ICE's revocation of Petitioner's release on conditional parole without a pre-deprivation hearing violated his due process rights and rendered his detention unlawful. *See Faizyan*, 2025 WL 3208844, at *7.

## IV. CONCLUSION

Based on the foregoing reasons, the Petition (Doc. 1) is **GRANTED**. The TRO Motion (Doc. 2) is therefore **DENIED AS MOOT**. Accordingly:

1. The Government is **ORDERED** to immediately release the noncitizen from custody, subject to the conditions of his preexisting conditional parole.
2. The Court **ORDERS** that, prior to any re-detention, the noncitizen **SHALL** receive notice of the reasons for revocation of his release and a hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) to determine whether detention is warranted.
3. The noncitizen bears the burden of demonstrating, by a preponderance of the evidence, that he is not a danger to the community or a flight risk. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022).

**IT IS SO ORDERED**.

DATE: August 12, 2026

Ruth Bermudez Montenegro

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE